UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| COURTLAND WALKER, an individual; on behalf of himself and all others similarly situated, | §§§§§§§ | |
| Plaintiff, | §§ | CIVIL ACTION NO. 1:09-cv-894 |
| v. | §§ | |
| ALTA COLLEGES, INC., a Delaware Corporation, WESTWOOD COLLEGE, INC., a Colorado Corporation, TRAV CORPORATION, a Colorado Corporation f/d/b/a Westwood College Online, and WESGRAY CORPORATION, d/b/a Westwood College Online, | §§§§§§§§§§ | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO STRIKE REPORT AND EXCLUDE
TESTIMONY OF PLAINTIFF'S EXPERT,
LINDA S. MULLENIX**

Defendants move to strike Plaintiff's rebuttal expert, Linda Mullenix.  Mullenix submitted a 22-page legal brief on behalf of the Plaintiff in this case under the guise of an expert opinion. Unlike Defendants' expert, Mullenix takes aim squarely at one of the ultimate issues to be decided by the district court at class certification -- the adequacy of Plaintiff's counsel – and delivers a veritable treatise on court rulings and opinions on the "correct" application of Federal Rule of Civil Procedure 23.

After offering this so-called rebuttal opinion, which entirely ignores the opinion it supposedly rebuts, Plaintiffs audaciously moved to strike and exclude Defendants' expert, on the grounds that his opinion on the applicable legal ethical standards usurps the role of the Court as the fact finder and arbiter of issues of law.

Defendants respectfully request that the Court reject the Mullenix Declaration as impermissible legal briefing, thinly disguised as expert opinion, or alternatively, as an inappropriate rebuttal opinion for failing to once mention the opinion it supposedly rebuts.

## I.     ARGUMENT

### A.     THE MULLENIX DECLARATION IS A *DE FACTO* LEGAL BRIEF ON THE ULTIMATE ISSUES FOR CLASS CERTIFICATION, MAKES NO ATTEMPT AT EVEN PRETENDING TO BE ADMISSIBLE EXPERT TESTIMONY, AND SHOULD BE EXCLUDED.

In his Motion to Strike Report and Exclude Expert Testimony of Defendants' Expert, Plaintiff argues that Defendant's expert, Amon Burton, offers opinions that "are nothing more than a mere reiteration of what Defendant's counsel is already offering in its arguments and briefings." (Mot. at 5.)  Explaining that the Fifth Circuit has recognized that "an expert may never render conclusions of law," *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009), Plaintiff argues that Burton's opinion should be excluded as it offers a legal conclusion on an issue essential to the determination of class counsel.  (Mot. at 2.)

**DEFENDANTS' MOTION TO STRIKE REPORT**
**AND EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT,**
**LINDA S. MULLENIX**                                                                                   **PAGE 1**

Ironically, it is the opinions of Plaintiff's expert, Linda Mullenix, not those of Mr. Burton, that are impermissible opinions on the law.[1]  As is readily apparent from her declaration, Mullenix is merely opining on what the law is.  (Ex. A.)  Her declaration is an ill-disguised legal brief merely reciting legal arguments that Plaintiff's counsel has made and will likely continue to make.   Mullenix speaks only to the ultimate legal issue -- adequacy of counsel under Federal Rule of Civil Procedure 23.   She discusses, at length, binding and non-binding authorities from throughout the federal court system.  (Ex. A.)  Her "opinion" contains 39 footnotes containing legal citations, provides citations to more than two dozen federal cases and numerous other legal treatises and scholarly works, and analyzes in detail the holdings of the cases she selectively identifies.  (Ex. A.)  She discusses "Defendants contentions" throughout her opinion, frequently referring to arguments made in briefing in the present case.  (*See, e.g.,* Ex. A at 12 (discussing Defendant's citations); fn. 24 ("Contrary to Defendants' assertion that such conduct supports a finding of inadequacy...").)  Obviously the work of an advocate, the Mullenix Declaration cannot be plausibly called anything other than the work of a "spokesman of the law."  (Mot. at 4) (citing *Fisher v. Halliburton*, No. H-05-1731, 2009 U.S. Dist. LEXIS 118486, at *15 (S.D. Tex. Dec. 21, 2009)).

Notably, Linda Mullenix has rendered a similar opinion regarding whether a party has met the legal requirements of Federal Rule of Civil Procedure 23 that has been excluded at least once before.  *Jenkins v. Hyundai Motor Financing Co.*, No. C2-04720, 2008 U.S. Dist. LEXIS 23073, at * 9 (S.D. Ohio Mar. 24, 2008).  The Southern District of Ohio concluded, in considering an expert opinion by Mullenix alleged to be "devoid of facts and consist[ing] completely of impermissible legal analyses and argument."  The court elected to "treat the reports [including

---

[1] Defendants have filed an Opposition to Plaintiff's Motion to Strike Report and Exclude Testimony of Defendants' Expert, W. Amon Burton, Jr., explaining why Burton's testimony should be admitted.

Mullenix report] as extensions of the parties' briefs and will consider the opinions as legal argument, rather than expert testimony." *Id*., at *10.  Other courts, while not addressing opinions authored by Mullenix, have treated expert opinions on whether a party has satisfied the standards of Rule 23 as impermissible expert opinions under Federal Rule of Evidence 702. *See, e.g.,* , *Woodard v. Andrus*, No. 03-2098, 2009 U.S. Dist. LEXIS 6431, at *13 (Jan. 20, 2009).

Because the Mullenix opinion makes no effort to pretend to "involve questions of fact," *Askanase*, 130 F. 3d at 672, and because her Declaration consists of bald legal arguments, Defendants ask that the opinion be entirely excluded from the hearing on class certification in the pending cause.

### B.     THE MULLENIX DECLARATION IS NOT A PROPER REBUTTAL OPINION, AS IT NEVER MENTIONS THE EXPERT OPINION (OR EXPERT) IT SUPPOSEDLY REBUTS.

The Mullenix Declaration only once acknowledges the opinion of Defendant's expert, Amon Burton, merely listing his report as among the items she reviewed in reaching her conclusions.  (Ex. A at 23.)  Otherwise, her Declaration never mentions the Burton opinion, never mentions the existence of Defendants' expert, and could have been written at any time after the occurrence of Defendants' discovery and pleadings whose assertions she attacks.

At a minimum, the lack of any pretense of rebutting the opinions of Amon Burton offers powerful evidence that, again, the Mullenix Declaration is simply extended legal argument by Plaintiff's counsel on the ultimate issue of the adequacy of counsel under Federal Rule of Civil Procedure 23.  (*See* Section A, above.)

At worst, the preparation of the Mullenix opinion and its cynical use as a so-called "rebuttal" opinion represents gamesmanship on the part of Plaintiff's counsel in waiting to designate Mullenix as an expert until the rebuttal, rather than the affirmative, expert deadlines. The failure to designate Mullenix as an affirmative expert constitutes grounds for the exclusion

of Mullenix as an expert witness under the terms of Federal Rule of Civil Procedure 26(a)(3) and

this Court's Scheduling Order (Doc. Entr. 94) ("Scheduling Order").

### C.   AS A REBUTTAL OPINION, THE MULLENIX OPINION IS ONLY ADMISSIBLE TO THE EXTENT THAT THE BURTON OPINION IS INTRODUCED AT THE HEARING.

If and the to the extent that the testimony of Defendants' expert is excluded, Defendants

respectfully submit that it would be inappropriate to permit the expert testimony of Plaintiff's

rebuttal expert, Linda Mullenix.   Plaintiff elected not to designate Mullenix as a primary expert;

rather, he only designated her as a rebuttal expert to the expert opinion of Burton.  (Dock. Entr.

96) ("Plaintiff's Designation of Rebuttal Class Certification Expert").  Notwithstanding the fact

the Mullenix Declaration fails to once mention the existence of the opinion it purportedly

"rebuts," fundamental fairness dictates that the Mullenix report and opinion should be excluded,

or limited, at least to the same degree of any limitation on Defendants' expert.

Indeed, federal courts in the Fifth Circuit have done exactly this when wholly or partially

excluding expert testimony upon which a rebuttal opinion relies.  *See Diabetes Centers of*

*America v. Health Pia of America,* 2008 U.S. Dist. LEXIS 10052, at \*12 - \*13 (S.D. Tex. Feb.

11, 2008) (where plaintiff's primary expert excluded, defendant's rebuttal expert also excluded);

*United States ex rel Barron v. Deloitte & Touche, LLP.*, 2008 U.S. Dist. LEXIS 111897 \*19

(W.D. Tex. Sept. 26, 2004) (partially excluding rebuttal expert opinion to the same extent that

underlying expert opinion partially excluded).

### II.   CONCLUSION

Defendants request that Plaintiff's rebuttal expert, Linda Mullenix have her Declaration be

stricken as improper expert opinion in the form of extended legal briefing, directed at the

arguments of Defendants' counsel rather than any of the expert opinions it purportedly rebuts.

Alternatively, Defendants request that the Mullenix Declaration be stricken to the same extent

that the Burton opinion is excluded.  Defendants further respectfully request that Mullenix's

testimony at the hearing of class certification in this matter be limited in the same manner and to

the same degree as her written report.

September 16, 2010

By: /s/ Daniel H. Gold

Barry F. McNeil, TBN 13829500
barry.mcneil@haynesboone.com
Stacy L. Brainin, TBN 02863075
stacy.brainin@haynesboone.com
Daniel H. Gold, TBN 24053230
daniel.gold@haynesboone.com
*Christopher Rogers, TBN 24051264
chris.rogers@haynesboone.com
**HAYNES AND BOONE, L.L.P.**
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
Telephone:  214-651-5000
Facsimile:  214-651-5940

**Counsel For Alta Colleges, Inc., Westwood College, Inc., TRAV Corporation, and Wesgray Corporation**

**\*Admitted *pro hac vice***

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants communicated regarding the issues raised in the foregoing Motion with counsel for Plaintiff and they are opposed to the relief requested herein.


/s/  Daniel H. Gold
Daniel H. Gold

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF

system on this 16th day of September, 2010 to the individuals listed below:

John A. Yanchunis
Jillian L. Estes
Jonathan B. Cohen
Nicole C. Mayer
JAMES, HOYER, NEWCOMER,
  SMILJANICH & YANCHUNIS, P.A.
One Urban Centre, Suite 550
4830 W. Kennedy Blvd.
Tampa, Florida 33609
Facsimile: (813) 286-4174


/s/  Daniel H. Gold

**DEFENDANTS' MOTION TO STRIKE REPORT
AND EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT,
LINDA S. MULLENIX**