FILED
SEP 2 3 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COURTLAND WALKER, AN § <br> INDIVIDUAL; ON BEHALF OF § <br> HIMSELF AND OTHERS SIMILARLY § <br> SITUATED, § <br>           PLAINTIFF, § <br> V. § <br> ALTA COLLEGES, INC., A DELAWARE § <br> CORPORATION, WESTWOOD § <br> COLLEGE, INC., A COLORADO § <br> CORPORATION, TRAV CORPORATION, § <br> A COLORADO CORPORATION F/D/B/A § <br> WESTWOOD COLLEGE ONLINE, AND § <br> WESGRAY CORPORATION, D/B/A § <br> WESTWOOD COLLEGE ONLINE, § <br>           DEFENDANTS. § | CAUSE NO. A-09-CA-894-LY |

## ORDER

Before the Court are Plaintiff's Opposed Motion to Strike Report and Exclude Testimony of Defendants' Expert, W. Amon Burton, Jr. filed September 17, 2010 (Clerk's Document No. 120); Defendants' Opposition to Plaintiff's Motion to Strike Report and Exclude Testimony of Defendants' Expert, W. Amon Burton, Jr. filed September 16, 2010 (Clerk's Document No. 112); and Defendants' Motion to Strike Report and Exclude Testimony of Plaintiff's Expert, Linda S. Mullenix filed September 16, 2010 (Clerk's Document No. 113). Having reviewed the motions and responses, the Court renders the following rulings.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony, providing that:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

>(3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Rule 702 was amended to incorporate the principles first articulated by the United States Supreme Court in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See* FED. R. CIV. P. 702, Adv. Comm. Notes (2000). Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997).

Following *Daubert* and its progeny, trial courts act as gatekeepers, overseeing the admission of scientific and nonscientific expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial courts must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. In carrying out this task, district courts have broad latitude in weighing the reliability of expert testimony for admissibility. *See Kumho Tire Co.*, 526 U.S. at 152. The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

*Daubert* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. *See Kumho Tire Co.*, 526 U.S. at 141. This *Daubert* framework includes many factors that can be used to determine the admissibility of expert testimony, including, but not limited to, whether the expert's theory or technique: (1) can be

2

or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94. Not every *Daubert* factor will be applicable in every situation and a court has discretion to consider other factors it deems relevant. *See Kumho Tire*, 526 U.S. at 151-52. The Fifth Circuit has directed that, "[i]n the vast majority of cases, the district court first should decide whether the factors mentioned in *Daubert* are appropriate." *Black v. Food Lion, Inc.*, 171 F.3d 308, 311-12 (5th Cir. 1999). Whether *Daubert's* suggested indicia of reliability apply to any given testimony is a fact-specific inquiry dependant on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony. *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000).

Although the *Daubert* analysis is applied to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, the test does not judge the expert conclusions themselves. *Daubert*, 509 U.S. at 594-95. The focus must be solely on principles and methodology rather than the conclusions generated. *Id.* at 595. However, conclusions and methodology are not entirely distinct from one another. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Nothing in *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. *Id.* A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. *Id.*

Notwithstanding the dictates of *Daubert* and its progeny, "the rejection of expert testimony is the exception rather than the rule." FED. R. CIV. P. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "'seachange over federal evidence law,'" and "'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *See id. (*quoting *United States v.*

*14.38 Acres of Land, More or Less, Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). As *Daubert* recognized, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

This Court's role as a gatekeeper is not intended to supplant the adversary system in which vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are means of attacking shaky but admissible evidence. See *id.* Having reviewed the deposition testimony and expert reports of W. Amon Burton, Jr. and Linda S. Mullenix, the Court concludes that the criticisms raised about both of their opinions and conclusions can be adequately addressed at trial through cross-examination.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Strike Report and Exclude Testimony of Defendants' Expert, W. Amon Burton, Jr. filed September 17, 2010 (Clerk's Document No. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Report and Exclude Testimony of Plaintiff's Expert, Linda S. Mullenix filed September 16, 2010 (Clerk's Document No. 113) is **DENIED**.

**IT IS FINALLY ORDERED** that no expert will be allowed to testify beyond the information and opinions provided in his or her report.

**SIGNED** this _23rd_ day of September, 2010.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE